UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------x

ALEX ORTIZ,

**19cv24693**

Plaintiff,

CIVIL RIGHTS

COMPLAINT

No.:_____

-against-

**Jury Trial
Demanded**

ANTHONY J. ANNUCCI, Acting Commissioner of NYS DOCCS;
PRISCILLA LEDBETTER, Director of Temporary Release; M. VICK,
Temporary Release Reviewer; LEROY FIELDS, Superintendent of Fish-
Kill Correctional Facility; LAURA CAMPBELL, Temporary Release
Committee Chairperson; MR. GLOVER, Temporary Release Committee
Member; MS. BLACKE, Temporary Release Committee Member, the in-
dividual defendant(s) sued in their individual and official capacities,

Defendants.

-----------------------------------------------------------------------------x

## PRELIMINARY STATEMENT

1.  This is a civil rights action in which Plaintiff seeks relief for the violation of Plaintiff's

rights secured by Title 42 U.S.C. § 1983, the Fourteenth Amendment of the United States

Constitution, and the laws of the State of New York. Plaintiff's claims arise from an incident

that occurred on or about May 2, 2017. During and after this incident, members of the New

York State Department of Corrections and Community Supervision ("DOCCS") subjected

Plaintiff to, among other things, deprivation of liberty without due process, deliberate indifference, humiliation, failure to intervene, failure to take corrective action, reckless and callous disregard to federally protected rights, negligence, negligent hiring, supervision, training, retention and instruction of employees, and mental and emotional distress.  Plaintiff is suing all defendants in their official and individual capacities, seeking compensatory and punitive damages, and for such other and further relief as the Court may deem just and proper.

## JURISDICTION AND VENUE

2.   This action is brought pursuant to Title 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and Title 28 U.S.C. § 1331 and § 1343.

3.   Venue is proper here pursuant to Title 28 U.S.C. § 1391 because the events given rise to this cause of action occurred in Albany and Dutchess County in the State of New York which are subject to personal jurisdiction in the Southern District of New York.

## PARTIES

4.   Plaintiff ALEX ORT IZ is a resident of the State of New York in New York County at

2

107 West 104th Street, Apt. 3A, New York, New York 10025.

5.  At all relevant times alleged herein defendant ANTHONY J. ANNUCCI was employed at DOCCS as the Acting Commissioner and violated Plaintiff's rights as described herein.  His office is located at 1220 Washington Avenue, Building 2, Albany, New York 12226.  He is being sued in his official and individual capacity.

6.  At all relevant times alleged herein defendant PRISCILLA LEDBETTER was employed at DOCCS as the Director of Temporary Release Programs and she violated Plaintiff's rights as described herein. Her office is located at 1220 Washington Avenue, Building 2, Albany, New York 12226.  She is being sued in her official and individual capacity.

7.  At all relevant times alleged herein defendant M. VICK was employed at DOCCS as the Temporary Release Reviewer and he violated Plaintiff's rights as described herein.  His office is located at 1220 Washington Avenue, Building 2, Albany, New York 12226.  He is being sued in official and individual capacity.

8.  At all relevant times alleged herein defendant LEROY FIELDS was employed at DOCCS as the Superintendent of Fishkill Correctional Facility and he violated Plaintiff's rights as des-

cribed herein. His office is located at 18 Strack Drive, Beacon, New York 12508. He is

being sued in his official and individual capacity.

9. At all relevant times alleged herein defendant LAURA CAMPBELL was employed at

DOCCS as the Temporary Release Committee Chairperson at Fishkill Correctional Facility and

she violated Plaintiff's rights as described herein. Her office is located at 18 Strack Drive,

Beacon, New York 12508. She is being sued in her official and individual capacity.

10. At all relevant times alleged herein defendant MR. GLOVER was employed at DOCCS

as the Temporary Release Committee Member at Fishkill Correctional Facility and he violated

Plaintiff's rights as described herein. His office is located at 18 Strack Drive, Beacon, New York

12508. He is being sued in his official and individual capacity.

11. At all relevant times alleged herein defendant MS. BLACKE was employed at DOCCS

as the Temporary Release Committee Member at Fishkill Correctional Facility and she violated

Plaintiff's rights as described herein. Her office is located at 18 Strack Drive, Beacon, New

York 12508. She is being sued in his official and individual capacity.

## STATEMENT OF FACTS

12. On April 2nd, 2015, ALEX ORTIZ ("Plaintiff") was convicted in a Supreme Court of

4

New York County of Criminal Sale of Controlled Substance in the Second Degree under Indictment 5320/13, and Criminal Sale of Substance in the Third Degree under Indictment 5135/13, and sentenced to concurrent terms of six years imprisonment with five years post-release supervision and three years imprisonment with three years post-release supervision.

13. On or about November, in the year 2016, Plaintiff was approved and began participating in the DOCCS Temporary Release Program at Lincoln Correctional Facility in New York County.

14. Shortly thereafter, Plaintiff obtained employment at Dutchess Express and was hired as a Delivery Associate earning $11.00 an hour with the inclusion of tips.

15. Along with being gainfully employed, Plaintiff earned the opportunity to spend overnights with his family.

16. On March 31, 2017, Plaintiff left Lincoln Correctional Facility to enjoy a furlough.

17. Plaintiff was required to report back to the facility on April 2, 2017.

18. Plaintiff failed to report back to facility on the designated date and time.

19. On April 7th, 2017, Plaintiff was apprehended by DOCCS agents from the Office of Spe-

cial Investigations at his place of employment.

20.  Plaintiff was transported to Sing Sing Correctional Facility and placed in Administrative Segregation.

21.  On April 13, 2017 Plaintiff was issued a Misbehavior Report and charged with Abscon-dence (Rule 108.15) and Temporary Release Violation (Rule 108.14).

22. On April 19, 2017 Plaintiff attended the "Superintendent's Hearing" to answer for said charges.

23.  Plaintiff pled guilty with an explanation.

24.  For violating the rules Plaintiff received as a penalty thirty days Keeplock Confinement, thirty days loss of privileges, and a referral to alcohol and substance abuse treatment.

25.  On April 20, 2017 Plaintiff was transferred to Fishkill Correctional Facility.

26.  Plaintiff's disciplinary sanctions were modified to a 29 day Suspended Keeplock Confinement, while the thirty day loss of privileges remained the same.

27.  On April 21, 2017 Plaintiff was referred to the Temporary Release Committee ("TRC") for the sole purpose of determining whether Plaintiff should continue participating in the

Temporary Release Program or his status be revoked.

28. On May 2, 2017 Plaintiff attended the "Removal Proceeding/TRC Hearing" in accordance with Title 7 N.Y.C.R.R. § 1904.2(h).

29. The hearing body consisted of the following defendants:  LAURA CAMPBELL, MR. GLOVER and MS. BLACKE.

30. The hearing was recorded on a cassette tape.

31. At the hearing, along with admitting to violating the disciplinary rules, Plaintiff made an attempt to argue against the revocation of his temporary release status, to show that he was still a good risk, and to present mitigating information that would demonstrate that although the violation occurred, it did not warrant revocation.

32. Plaintiff made a request to call witnesses and present evidence.

33. Defendant LAURA CAMPBELL rejected Plaintiff's request to call witnesses stating: "this is not a disciplinary hearing", "this is a hearing as if you are originally applying to temporary release", "it does not matter if there are witnesses", that witness testimony "has absolutely nothing to do with whether [Plaintiff] should stay in work release", "this is not a hearing to the effect where we have witnesses", "we do not ask for witnesses at this point to ascertain whether

7

[Plaintiff] is a good candidate", and suggested that the witness write Plaintiff "a letter".

34.  Defendants LAURA CAMPBELL, MR. GLOVER, and MS. BLACKE denied Plaintiff the right to call witnesses and present evidence.

35.  Plaintiff informed defendants LAURA CAMPBELL, MS. BLACKE, and MR. GLOVER that he had read the regulations for the revocation hearing which stated Plaintiff had the right to call witnesses, present mitigating evidence, argue against revocation, that the hearing body was required to consider this information prior to making a final determination, and requested that the hearing body make an effort to contact his witness and obtain statements from him.

36.  Defendant LAURA CAMPBELL rejected Plaintiff's requests stating Plaintiff admitted to violating the rules of the program and that "all the witnesses in the world would not change that".

37.  Plaintiff informed defendants LAURA CAMPBELL, MS. BLACKE, and MR. GLOVER that the hearing body was required to consider other factors besides the violation before making their determination.

38.  Defendant LAURA CAMPBELL replied, "once you abscond from temporary release, it's a done deal. We can't take that chance again".

8

39. Defendants MR. GLOVER and MS. BLACKE agreed with defendant LAURA CAMPBELL and they all rejected Plaintiff's attempts to call witnesses and present evidence.

40. At the hearing's closing, defendants LAURA CAMPBELL, MS. BLACKE, and MR. GLOVER without honoring Plaintiff's due process rights to call witnesses and present eviden-ce, nor taking into consideration all relevant facts, nor making any effort to contact Plaintiff's witness or call for an adjournment to see if further evidence would be produced prior to making a final decision, made the immediate determination to recommend Plaintiff's removal from the temporary release program.

41. The hearing body forwarded the hearing tape and their recommendation to defendant LE-ROY FIELDS for a final determination.

42. Defendant LEROY FIELDS listened to the hearing tape and became aware of the consti-tutional violations that occurred at Plaintiff's revocation hearing.

43. On May 9th, 2017, defendant LEROY FIELDS agreed with the actions taken by defen-dants LAURA CAMPBELL, MS BLACKE, and MR. GLOVER, accepted their recommenda-tion and officially revoked Plaintiff's temporary release status.

44.  Plaintiff received the statement and reasons relied upon for the revocation of his temporary release status (See Exhibit A).

45.  Plaintiff sent an Administrative Appeal to defendant PRISCILLA LEDBETTER citing the numerous violations that occurred at the revocation hearing, and requesting that defendant PRISCILLA LEDBETTER remedy the wrong by either ordering a new hearing or reinstating Plaintiff back to the temporary release program (See Exhibit B).

46. Defendant PRISCILLA LEDEBETTER received Plaintiff's Administrative Appeal, listened to the hearing tape, and became aware of the constitutional violations that occurred at Plaintiff's revocation hearing.

47.  On or about June, in the year 2017, Plaintiff was transferred to Riverview Correctional Facility.

48.  On August 14, 2017, Plaintiff sent a letter to defendant PRISCILLA LEDBETTER requesting an update on the status of his appeal (See Exhibit C).

49.  Defendant PRISCILLA LEDBETTER received Plaintiff's August 14, 2017 letter, read it, and became aware that the constitutional wrongs endured by Plaintiff remained without remedy.

50.  Plaintiff wrote his assigned counselor requesting an update on the status of his Administrative Appeal.

51. Defendant PRISCILLA LEDBETTER gave defendant M. VICK Plaintiff's Administrative Appeal and the hearing tape to review, and directed defendant M. VICK to make the final determination.

52.  Defendant M. VICK reviewed Plaintiff's Administrative Appeal, listened to hearing tape and became aware of the constitutional violations that occurred at Plaintiff's revocation hearing.

53. On August 16, 2017, Plaintiff received a response from his assigned counselor stating that the revocation of his temporary release status was affirmed as of June 22, 2017, and also provided Plaintiff with a copy of the decision approved by defendant PRISCILLA LEDBETTER and submitted by defendant M. VICK which states:

> THE FISHKILL CORRECTIONAL FACILITY TRC AND THE SUPERINTEDENT CONCURRED WITH YOUR REMOVAL FOR TIER 3 CONVICTION FOR TEMPORARY RELEASE VIOLATION AND ABSCONDENCE. SUCH BEHAVIOR INDICATES AN INABILITY TO CONFORM WITH THE TEMPORARY RELEASE CONTRACT. REMOVAL IS WARRANTED. **IN RESPONSE TO YOUR APPEAL, IT IS NOTED THAT YOU ADMIT TO ABSCONDING AND THAT YOUR REQUEST FOR AN ORC WAS NOT AS A WITNESS TO ABSCOND INCIDENT** (See Exhibit D).

54. On September 7, 2017, Plaintiff wrote defendant ANTHONY J. ANNUCCI  informing

him of the constitutional violations that occurred at the May 2, 2017, revocation hearing and the

resulting dispositions by his subordinates upholding those violations.

55. Plaintiff requested that defendant ANTHONY J. ANNUCCI to intervene and correct the

errors committed by his subordinates.

56. Plaintiff sent the September 7, 2017 letter via certified mail to defendant ANTHONY J.

ANNUCCI.

57. On September 13, 2017, the September 7th, 2017 certified letter was received by defen-

dant ANTHONY J. ANNUCCI (See Exhibit E).

58. Defendant ANTHONY J. ANNUCCI received and read Plaintiff's September 7th, 2017

letter and became aware of the constitutional violations committed by his subordinates as a re-

sult of the May 2nd, 2017 revocation hearing.

59. Defendant ANTHONY J. ANNUCCI did not respond to Plaintiff's September 7th, 2017

letter, nor did he rectify the wrong Plaintiff continued to endure, and allowed Plaintiff to conti-

nued to be deprived of his liberty interests without due process.

60. On June 7, 2018, Plaintiff wrote defendants ANTHONY J. ANNUCCI and PRISCILLA

LEDBETTER, informing them that no remedy had been provided to address the wrongful depri-

vation of Plaintiff's liberty interest in continued participation temporary release, as a result of the

arbitrary and unlawful actions committed by defendants LAURA CAMPBELL, MS. BLACKE,

MR. GLOVER,  LEROY FIELDS, and M. VICK, in connection to the May 2nd, 2017 revocation

hearing (See Exhibit F).

61. Upon information and belief, defendants ANTHONY J. ANNUCCI and PRISCILLA

LEDBETTER, received and read Plaintiff's June 7th, 2018 letter and became aware that Plain-

tiff continued to suffer behind the constitutional wrongs committed by their subordinates, and

that the matter remained without remedy.

62.  On June 25, 2018, Plaintiff wrote and sent a letter via certified mail to defendant PRISCI-

\
LLA LEDBETTER requesting reconsideration and review of the revocation of his temporary re-

lease status.

63.  On June 28, 2018, defendant PRISCILLA LEDBETTER received and read Plaintiff's

June 25th, 2018 letter, and became aware that Plaintiff continued to suffer behind the constitutio-

nal violations committed by her subordinates and that no remedy had been afforded to Plaintiff

(See Exhibit G).

64.  Defendant PRISCILLA LEDBETTER did not respond to Plaintiff's June 25th, 2018 letter, failed to remedy the wrong, and allowed Plaintiff to be deprived of his liberty interest without due process.

65. On March 13th, 2019, Plaintiff was released from custody to commence his period of post-release supervision.

66.  Defendants ANTHONY J. ANNUCCI and PRISCILLA LEDBETTER after being aware that constitutional violations had occurred, and that Plaintiff was harmed behind those violations, took no corrective action while Plaintiff was in custody, permitting Plaintiff to be deprived of his liberty interest without due process and allowing the infliction of unconstitutional injury to remain undisturbed for twenty-two months.

67.  On ___March 20th___, 2019, Plaintiff filed the instant action.

----------------------

68.  Defendants ANTHONY J. ANNUCCI, PRISCILLA LEDBETTER, and LEROY FIELDS have been aware (from previous lawsuits, complaints and grievances) that many DOCCS officials are insufficiently trained in the proper way to conduct due process revocation

hearings, how to interact with inmates, and how not to act with deliberate indifference.

69.  Defendants ANTHONY J. ANNUCCI, PRISCILLA LEDBETTER and LEROY

FIELDS are further aware that such improper conduct has often resulted in the deprivation of

civil rights.

70.  Despite such notice, defendants ANTHONY J. ANNUCCI, PRISCILLA LEDBETTER,

and LEROY FIELDS have failed to take corrective action.

71.  This failure caused the defendants in the present case to violate Plaintiff's constitutional

rights.

72.  In addition, defendants ANTHONY J. ANNUCCI, PRISCILLA LEDBETTER and

LEROY FIELDS were aware prior to the incident, that defendants LAURA CAMPBELL, M.

VICK, MR. GLOVER and MS. BLACKE lacked the objectivity, temperament, maturity, dis-

cretion and disposition to be employed as New York State prison officials.

73.  Despite such notice, defendants ANTHONY J. ANNUCCI, PRISCILLA LEDBETTER

and LEROY FIELDS have retained defendants M. VICK, LAURA CAMPBELL, MS. BLACKE

and MR. GLOVER, and failed to adequately train and supervise them.

74. At all relevant times, defendants ANTHONY J. ANNUCCI, PRISCILLA LEDBETTER and LEROY FIELDS, through DOCCS, and its agents, servants and/or employees, negligently, carelessly and recklessly trained defendants LAURA CAMPBELL, MR. GLOVER, MS. BLACKE and\M. VICK for their positions as New York State prison officials.

75. At all relevant times, defendants ANTHONY J. ANNUCCI, PRISCILLA LEDBETTER and LEROY FIELDS, through DOCCS, and its agents, servants and/or employees, negligently, recklessly and carelessly, supervised, controlled, managed, maintained and inspected the activities of defendants LAURA CAMPBELL, MS. BLACKE, MR. GLOVER and M. VICK.

76. At all relevant times, defendants ANTHONY J. ANNUCCI, PRISCILLA LEDBETTER and LEROY FIELDS, through DOCCS, and its agents, servants and/or employees, caused, permitted and allowed defendants LAURA CAMPBELL, MR. GLOVER, MS. BLACKE and M. VICK to act in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

77. At all relevant times, defendants ANTHONY J. ANNUCCI, PRISCILLA LEDBETTER and LEROY FIELDS, through DOCCS, and its agents, servants and/or employees, negligently, carelessly and recklessly retained in their employ defendants LAURA CAMPBELL, MR. GLO-

VER, MS. BLACKE and M. VICK, who were clearly unfit for their positions, who acted in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

78.  That the occurrence(s) and injuries sustained by Plaintiff, were caused by, and as a result of, the negligent, malicious, reckless, and/or intentional conduct of defendants ANTHONY J. ANNUCCI, PRISCILLA LEDBETTER and LEROY FIELDS, through DOCCS, and its agents, servants and/or employees, as set forth above, specifically, the reckless manner in which said defendants hired, trained, supervised, controlled, managed, maintained, inspected and retained defendants LAURA CAMPBELL, MS. BLACKE, MR. GLOVER and M. VICK.

79.  Defendants ANTHONY J. ANNUCCI, PRISCILLA LEDBETTER, LEROY FIELDS, LAURA CAMPBELL, MS. BLACKE, MR. GLOVER and M. VICK acted in concert in committing the above-described illegal acts toward Plaintiff.

80.  Defendants ANTHONY J. ANNUCCI, PRISCILLA LEDBETTER, LEROY FIELDS, LAURA CAMPBELL, MS. BLACKE, MR. GLOVER and M. VICK acted under the pretense and color of state law within the scope of their employment.

81.  The above described acts committed defendants ANTHONY J. ANNUCCI, PRISCILLA

LEDBETTER, LEROY FIELDS, LAURA CAMPBELL, MS. BLACKE, MR. GLOVER and M.

VICK were beyond the scope of their jurisdiction, without authority of law, and in abuse of their

powers, and said defendants acted willfully, knowingly and with specific intent to deprive Plain-

tiff of his constitutional rights.

82.  As a direct and proximate cause of defendants ANTHONY J. ANNUCCI, PRISCILLA

LEDBETTER, LEROY FIELDS, LAURA CAMPBELL, MS. BLACKE, MR. GLOVER and M.

VICK actions, Plaintiff experienced personal injuries, pain and suffering, fear, psychological

anxiety, depression, emotional distress, loss of liberty, mental anguish, humiliation, embarrass-

ment and financial loss.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

83.  Plaintiff filed an administrative appeal concerning the denial of due process.  Plaintiff

completed the administrative appeal process.

## FIRST CLAIM
### (FAILURE TO PROVIDE DUE PROCESS HEARING)

84. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set

forth at length herein.

85.  As his First Cause of Action, Plaintiff states of defendants ANTHONY J. ANNUCCI,

PRISCILLA LEDBETTER, LEROY FIELDS, LAURA CAMPBELL, MS. BLACKE, MR.

GLOVER and M.VICK violated Plaintiff's constitutional rights under the Fourteenth Amend-

ment of the United States Constitution, in that they failed to provide Plaintiff with the due pro-

cess he was entitled prior to revoking his liberty interest in continued participation in the tem-

porary release program.

## SECOND CLAIM

### (PROCEDURAL DUE PROCESS VIOLATION/DENIAL OF WITNESSES AND EVIDENCE)

86.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set

forth at length herein.

87.  As his Second Cause of Action, Plaintiff states of defendants ANTHONY J. ANNUCCI,

PRISCILLA LEDBETTER, LEROY FIELDS, LAURA CAMPBELL, MS. BLACKE, MR.

GLOVER and M.VICK violated Plaintiff's constitutional rights under the Fourteenth Amend-

ment of the United States Constitution by not providing Plaintiff with a meaningful opportunity

to be heard before revoking his liberty interest in continued participation in the temporary release

program, in specifically denying Plaintiff's right to call witnesses, present evidence and mitiga-

ting information.

### THIRD CLAIM

### (DUE PROCESS VIOLATION/ABSENCE OF IMPARTIAL HEARING OFFICERS)

88.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set

forth at length herein.

89.  As his Third Cause of Action, Plaintiff states of defendants LAURA CAMPBELL, MS.

BLACKE and MR.GLOVER violated Plaintiff's constitutional rights under the Fourteenth

Amendment of the United States Constitution in failing to be neutrally detached impartial

hearing officers.

90. After defendant LAURA CAMPBELL stated "all the witnesses in the world" would have

no bearing on the matter, and "once you abscond, it's a done deal, we can't take that chance

again", the hearing became infected with bias and the matter prejudged prior to the hearing's

completion.

91. Defendants LAURA CAMPBELL, MR. GLOVER and MS. BLACKE were so bias that

the atmosphere they created made it impossible for Plaintiff to prevail regardless of any mitiga-

ting evidence or "all the witnesses in the world" being presented.

92.  As a result of the improper bias and prejudgment displayed by defendants LAURA

CAMBELL, MR. GLOVER and MS. BLACKE, Plaintiff's due process right to have a neutral

and detached hearing body was violated.

## FOURTH CLAIM

### (DUE PROCES VIOLATION/FAILURE TO TAKE CORRRECTIVE ACTION)

93.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set

forth at length herein.

94.  As his Fourth Cause of Action, Plaintiff states defendants ANTHONY J. ANNUCCI,

PRISCILLA LEDBETTER, LEROY FIELDS and M.VICK violated Plaintiff's constitutional

rights under the Fourteenth Amendment of the United States Constitution in that after learning

and becoming aware of Plaintiff's constitutional rights being violated by defendants LAURA

CAMPBELL, MR. GLOVER and MS. BLACKE, and that Plaintiff had been removed from the

temporary release program without due process, they took no corrective action to restore Plain-

tiff back to the temporary release program, nor provided Plaintiff the due process he was entitled

to.

## FIFTH CLAIM

### (FAILURE TO INTERVENE)

95.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set

forth at length herein.

96.  As his Fifth Cause of Action, Plaintiff states defendants ANTHONY J. ANNUCCI,

PRISCILLA LEDBETTER, LEROY FIELDS, LAURA CAMPBELL, MS. BLACKE, MR.

GLOVER and M.VICK had a reasonable opportunity to prevent the violations of Plaintiff's

constitutional rights, but they failed to intervene.  Accordingly, all said defendants are liable

to Plaintiff for failing to intervene to prevent the violations of Plaintiff's constitutional rights.

## SIXTH CLAIM

### (NEGLIGENT SUPERVISION, HIRING, MONITORING, TRAINING AND RETENTION OF UNFIT EMPLOYEES)

97.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set

forth at length herein.

98.  As his Sixth Cause of Action, Plaintiff states of defendants ANTHONY J. ANNUCCI,

PRISCILLA LEDBETTER, LEROY FIELDS, LAURA CAMPBELL, MS. BLACKE, MR.

GLOVER and M.VICK are liable to Plaintiff because the occurrence and injuries sustained by

by Plaintiff were cause by, and as a result of, the reckless, malicious, negligent, and/or

intentional conduct of said defendants, through DOCCS, and its agents, servants, and/or emplo-

yees, as set forth above, specifically, the reckless and negligent manner in which said de-

fendants hired, trained, supervised, controlled, managed, maintained, inspected and retained de-

fendants LAURA CAMPBELL, MS. BLACKE, MR. GLOVER, M. VICK and their subordi-

nate prison officials.

99.  Plaintiff states defendants ANTHONY J. ANNUCCI, PRISCILLA LEDBETTER and

LEROY FIELDS violated Plaintiff's rights under the Fourteenth Amendment of the United Sta-

tes Constitution in failing to adequately train, supervise, monitor and manage defendants

LAURA CAMPBELL, MS. BLACKE, MR. GLOVER, M. VICK  and allowed them to remove

Plaintiff from the temporary release program without affording him due process he was entitled

to.

## SEVENTH CLAIM

## (42 U.S.C. § 1983 CONSPIRACY)

100.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

101.  As his Seventh Cause of Action, Plaintiff states of defendants ANTHONY J. ANNUCCI, PRISCILLA LEDBETTER, LEROY FIELDS, LAURA CAMPBELL, MS. BLACKE, MR. GLOVER and M.VICK are liable to Plaintiff because they agreed to act in concert with eachother to violate Plaintiff's constitutional rights and inflict unconstitutional injuries, and committed acts done in the furtherance of that goal causing damage to Plaintiff.

## EIGHTH CLAIM

## (INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

102.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

103.  As his Eighth Cause of Action, Plaintiff states by virtue of the occurrence, defendants ANTHONY J. ANNUCCI, PRISCILLA LEDBETTER, LEROY FIELDS, LAURA CAMPBELL, MS. BLACKE, MR. GLOVER and M.VICK, individually, and/or by their agents,

24

servants, and/or employees, negligently and/or intentionally inflicted emotional harm upon Plaintiff.

104.  Defendants ANTHONY J. ANNUCCI, PRISCILLA LEDBETTER, LEROY FIELDS, LAURA CAMPBELL, MS. BLACKE, MR. GLOVER and M.VICK's actions and/or failure to act, were extreme and outrageous, and caused Plaintiff severe emotional distress.

## NINTH CLAIM

### (SUBSTANTIVE DUE PROCESS VIOLATION)

105.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

106. As his Ninth Cause of Action, Plaintiff states that the manner in which defendants ANTHONY J. ANNUCCI, PRISCILLA LEDBETTER, LEROY FIELDS, LAURA CAMPBELL, MS. BLACKE, MR. GLOVER and M.VICK revoked Plaintiff's temporary release status and deprived Plaintiff of his liberty interest without honoring his due process rights, was done with deliberate indifference, was arbitrary, impermissible, malicious, in abuse of their powers and authority, and as a result, said defendants have violated Plaintiff's rights under the substantive component of the Due Process Clause under the Fourteenth Amendment of the Uni-

ted States Constitution.

**WHEREFORE**, Plaintiff demands a jury trial and the following relief jointly and/or severally against the Defendants:

    a.  Compensatory damages in an amount to be determined by a jury;

    b.  Punitive damages in an amount to be determined by a jury;

    c.  Damages for mental and emotional distress in an amount to be determined by a jury;

    d.  Assignment of counsel to prosecute this action against the Defendants and allow counsel to collect costs/attorney fees pursuant to Title 42 U.S.C. § 1988; and

    e.  Such other and further relief as the this Court may deem just and proper, including injunctive and declaratory relief.

Dated: _____March 18_____, 2019.
         New York, New York

_____
Alex Ortiz, Plaintiff Pro Se
107 West 104th Street, #3A
New York, NY 10025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------x

ALEX ORTIZ,

                                         Plaintiff,

                                                            **VERIFICATION**
                                                            No.:_____

                    -against-

 ANTHONY J. ANNUCCI, Acting Commissioner of NYS DOCCS;
PRISCILLA LEDBETTER, Director of Temporary Release; M. VICK,
Temporary Release Reviewer; LEROY FIELDS, Superintendent of Fish-
Kill Correctional Facility; LAURA CAMPBELL, Temporary Release
Committee Chairperson; MR. GLOVER, Temporary Release Committee
Member; MS. BLACKE, Temporary Release Committee Member, the in-
dividual defendant(s) sued in their individual and official capacities,
                                              Defendants.


------------------------------------------------------------------------------------x

State of New York    )
                     )ss.:
County of New York)

        ALEX ORTIZ, being duly sworn, deposes and states:

        1. I am the Plaintiff in the within entitled action.

        2. I have read the foregoing complaint and know the contents of it.

        3.  The complaint is true to my own knowledge, except as to matters in it stated to be alleged

on information and belief and as to those matters I believe it to be true.

_____
        **SIGNATURE**


Sworn to before me on this __18__ day of __MARCH__, 2019.



_____                    OMAR E. CAMPOS
        NOTARY PUBLIC                          Notary Public, State of New York
                                                    No. 01CA6186994
                                                Qualified in New York County
                                               Commission Expires May 12, 2020

                                    27

Exhibit A

FORM 4187 (REV 4/01)          STATE OF NEW YORK                    PAGE 1
     05/09/17          DEPARTMENT OF CORRECTIONAL SERVICES

                    CONTINUOUS TEMPORARY RELEASE PROGRAM
                            TRC REVIEW FORM


                                   NY


FOR: ORTIZ, ALEX              15R0879   08107458P  MB-11-110
         INMATE NAME          DIN       NYSID      LOCATION
_____
REVIEW TYPE:ABSCONDENCE          REVIEW NUMBER:20170000424  REFER DATE:04/21/17
    REVIEW STATUS: *** PENDING SUPT FROM TRC ***
REFERRED TO THE TRC BY: V.GALLO,ORC          FOR THE FOLLOWING REASONS:
< ON 4/02/17 INMATE FAILED TO REPORT TO LINCOLN CF WORK RELEASE AS SCHEDULED. >
< HE WAS INVOLUNTARILY RETURNED TO NYSDOCCS ON 4/07/17. FOUND GUILTY OF 108.1 >
< 4 TEMP REL VIOL, AND 108.15 ABSC AT T3 HEARING COMPLETED ON 4/19/17.RECEIVE >
< D 1D KL TO 4/20/17, 29D KL SUSPD TO 7/19/17 & 30D LOSS OF PRIV. TO 7/19/17. >

HEARING SCHEDULED - TIME: 1400  DATE: 05/02/17   LOCATION: BUILDING 13

INMATE WAIVED 24 HOUR NOTICE:    YES
INMATE WAIVED APPEARANCE     :   NO
INMATE PRESENT               :   YES

EVALUATION:
< INMATE FAILED TO COMPLY W/TEMP RELEASE RULES OF REGULATION.              >
< _____   >
< _____   >


TRC RECOMMENDATION: REMOVED DISCIPLINARY REASON
< INMATE ABSCONDED FROM TEMPORARY RELEASE PROGRAM AT LINCOLN CF           >
< ON 4/2/17 WHEN HE FAILED TO RETURN AT HIS SCHEDULED TIME.               >
< _____   >
< _____   >


TRC CHAIRPERSON: SORC CAMPBELL        TRC MEMBER: CCCA GLOVER
TRC MEMBER: ORC BLACKE

SUPERINTENDENT DECISION:
< _____   >
< _____I Concur._____     >
< _____   >
< _____   >

SUPERINTENDENT ELECTRONIC APPROVAL: _____ ADSP    DATE 5,9,17

INMATE SIGNATURE _____ a. Ortiz _____        DATE 5/9/17

WITNESS SIGNATURE _____    DATE 5/9/17

Exhibit B

Form 4187A (2/92)

NEW YORK STATE - DEPARTMENT OF CORRECTIONAL SERVICES

## APPEAL FORM TO DIRECTOR OF TEMPORARY RELEASE

## *REMOVAL FROM CONTINUOUS TEMPORARY RELEASE PROGRAMS

I _Alex Ortiz 15R0879_ of _FishKill_ **Correctional Facility**

(Inmate Name and Number)

wish to appeal the Removal from Continuous Temporary Release Programs completed on _5-9-17_

(Date)

### THE SPECIFIC GROUNDS FOR MY APPEAL ARE AS FOLLOWS:

The TRC's Recommendation and the Superintendent's Decision were made in violation of due process law. At the Removal Proceeding/TRC Hearing on 5/2/17 the following violations occured:

1. I was not fully informed of my rights;

2. I was not informed I could request an assistant to help me prepare and gather evidence;

3. When I made the request to call a witness the TRC stated I should have my witnesses "write them a letter";

4. No efforts were made by the TRC to contact my witness(es);

5. My request to call a witness was rejected;

6. Because I was not afforded with a full hearing that comports with due process, the TRC's decision was only based on the outcome of my disciplinary hearing and the given point was my entire adjustment, conduct and behavior during the 6 months I was in work-release considered);

7. The decision was arbitrary and capricious and made without regard to all the facts; and

8. The statement by the TRC to have my witnesses "write a letter" was completely prejudicial not just because the regulations do not provide for it, but also because the decision to have me removed was made six days after the TRC suggested I obtain written responses from my witnesses. This can only suggest, considering the timeliness with Mail correspondence, the letters were never to be considered.

_A. Ortiz_                                                     _5/9/17_

(Inmate's Signature)                                          (Date)

* I am requesting either a new hearing, an opportunity to participate in the "Relapse Program" or be fully reinstated to Work-Release.

**Appeals must be submitted within 30 days of receipt of the disposition for removal from temporary release.*

Original - Mail to the Director, Temporary Release Programs, Central Office

Copy - Inmate

Exhibit C

August 14, 2017

Alex Ortiz (15R0879)
Riverview Correctional Facility
PO Box 247
Ogdensburg, NY 13669

To: Priscilla Ledbetter, Director of TRP
    NYS DOCCS--The Harriman State Campus
    1220 Washington Avenue, Bldg. 2
    Albany, NY 12226

Re: Status of Appeal of Removal From Work Release

Dear Ms. Ledbetter,

Please accept this letter as a direct request for information. I am making an inquiry as to the status of my appeal from removal from work release on May 9, 2017 by the TRC and Superintendent at Fishkill Correctional Facility. When the decision was rendered, I immediately mailed an appeal to you. Attached you will find a copy of my appeal.

According to NYS DOCCS Regulations, specifically Title 7 NYCRR Section 1904.4, the decision to an appeal under these circumstances are to be rendered within 60 days of receipt.

At your earliest convenience, I would appreciate if you can provide me with the status of this matter. Thank you. I look forward to your response.

Sincerely,

Alex Ortiz

Exhibit D

To: Mr. Faucher, ORC

From: A. Ortiz, 15R0879

Date: August 14, 2017

Re: Status of Appeal (Work Release)

Dear Mr. Faucher,

On May 9, 2017 I filed an appeal in regards to being removed from the work release program. If possible, please look in my file and see if the appeal was received by Central Office and whether a decision has been rendered yet.

I appreciate your assistance with this matter and look forward to your response.

Sincerely,

Alex Ortiz

The appeal was affirmed as of 6/22/17

Faulier, ORC

KGNCP7I

08/21/2017
STATE OF NEW YORK DEPT OF CORRECTIONS AND COMMUNITY SUPERVISION
NOTICE OF DISAPPROVAL FOR WORK RELEASE REMVL APPEAL

TO:     SUPERINTENDENT

FROM:   M. VICK,  TEMP. RELEASE REVIEWER, TRP

RE:     WORK RELEASE REMVL APPEAL
        NOTICE OF DISAPPROVAL
        ORTIZ, ALEX                    15R0879

DATE:   07/03/2017   APPLICATION NO.: 201708243      APPLICATION DT: 06/21/2017

THIS IS TO ADVISE YOU THAT THE WORK RELEASE REMVL APPEAL
FOR THE ABOVE INDIVIDUAL HAS NOT BEEN APPROVED BY THE CENTRAL OFFICE REVIEWER
FOR THE FOLLOWING REASONS:

        T.R. VIOL.


REVIEWER'S COMMENTS:
THE FISHKILL CORRECTIONAL FACILITY TEMPORARY RELEASE COMMITTEE AND THE
SUPERINTENDENT CONCURRED WITH YOUR REMOVAL FOR TIER 3 CONVICTION FOR
TEMPORARY RELEASE VIOLATION AND ABSCONDENCE.SUCH BEHAVIOR INDICATES AN
INABILITY TO CONFORM WITH THE TEMPORARY RELEASE CONTRACT.REMOVAL IS WARR-
ANTED.IN RESPONSE TO YOUR APPEAL,IT IS NOTED THAT YOU ADMIT TO ABSCONDING
AND THAT YOUR REQUEST FOR AN ORC WAS NOT AS A WITNESS TO ABSCOND INCIDENT.




NOTE:  A COPY OF THIS NOTIFICATION MUST BE FORWARDED TO THE TRC.
       CHAIRPERSON AND THE INMATE.


CC:  INMATE
     FILE

Exhibit E

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ☒ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>☒ Print your name and address on the reverse so that we can return the card to you.<br>☒ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X  *PB*  ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>NYS DOCCS<br>1220 Washington Ave., Bldg. 2<br>Albany, NY 12226<br><br>Attn: Anthony J. Annucci,<br>       Acting Commissioner | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>SEP 13 2017<br><br>Mailroom |
| | 3. Service Type<br>☒ Certified Mail®   ☐ Priority Mail Express™<br>☐ Registered       ☐ Return Receipt for Merchandise<br>☐ Insured Mail     ☐ Collect on Delivery |
| | 4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7014 0150 0001 0350 3053 |

PS Form 3811, July 2013          Domestic Return Receipt



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Alex Ortiz (15R0879)
Riverview Correctional Facility
P.O. Box 247
Ogdensburg, NY 13669

E 2/43b

September 7, 2017

Alex Ortiz (15R0879)
Riverview Correctional Facility
PO Box 247
Ogdensburg, NY 13669

To: Anthony J. Annucci, Acting Commissioner
    NYS DOCCS--The Harriman State Campus
    1220 Washington Ave., Bldg. 2
    Albany, NY 12226

Re: Request For Review of TRP Removal Decision

Dear Mr. Annucci,

Please accept this letter as a direct request seeking your intervention in regards to a procedural violation that occurred at my Removal Proceeding/TRC Hearing which took place at Fishkill C.F. on May 2, 2017.

Attached you will find the answer to the appeal I submitted to Priscilla Ledbetter, Director of Temporary Release Programs.

At the hearing, I made a request to call a witness. The TRC stated that I could not have a witness and that I should instead have the witness "write them a letter". Six days later the decision to have me removed was rendered.

I appealed the decison on the ground that my right to call a witness was rejected and no efforts were made to contact my witness.

The answer to my appeal states that the request to call my witness was not accepted because he was not "a witness to the abscond incident".

I am submitting this letter to you in hopes that you could correct this error which is contrary to NYS DOCCS Regulations.

I appreciate your attention with this matter and look forward to your response.

Sincerely,
A. Ortiz
Alex Ortiz

Exhibit F

June 7, 2018

Alex Ortiz (15R0879)
Riverview Correctional Facility
P.O. Box 247
Ogdensburg, NY 13669

To: Anthony J. Annucci, Acting Commissioner; and
    Priscilla Ledbetter, Director of Temporary Release
    NYS DOCCS
    1220 Washington Avenue, Bldg. 2
    Albany, NY 12226

Re: Request For a New Hearing or Reinstatement

Dear Mr. Annuccci and Ms. Ledbetter,

Please accept this letter as a follow-up to a previous complaint I had sent via certified mail, received by "P.B." in the Mailroom on September 13, 2017, regarding the violation of my State and Federal constitutional rights, at a revocation hearing that took place at Fishkill Correctional Facility on May 2, 2017.

Attached you will find a copy of that letter and the certified mail receipt. Please be advised, as of this writing, the wrong I have--and continue to--suffer, remains without remedy.

While it is true, I violated the conditions of my Temporary Release contract, State and Federal law entitle me to a due process hearing, where a determination as to whether my status should be suspended, revoked, or I be reinstated, will be made. Regardless of the violation, participants of Temporary Release Programs are entitled to present mitigating circumstances and evidence relevant to the question whether reincarceration is appropriate.

I made an attempt to call witnesses and present mitigating information at my revocation hearing, to which the hearing officers replied, "witnesses are not allowed" and "all the witnesses in the world would not change anything". In addition, the hearing body was infected with bias, when they informed me "once you abscond it's a done deal we cannot take that chance again", prejudging the matter prior to it's completion, and without consideration of facts

I would have presented, had I been permitted to call witnesses and present evidence.

My status was revoked on May 9, 2017.  I appealed the decision, grieved it, and brought the matters to Mr. Annucci's and Ms. Ledbetter's attention.  To this very day, no solution has been provided, my constitutional rights remain violated, and I remain in prison, wrongfully and unlawfully deprived of my liberty interests without due process of law.

My release date draws near.  I reaching out to both of you, as you have the authority to rectify these wrongs.  I would appreciate if a new hearing can be provided were my procedural due process rights will be honored, and I will be in the presence of impartial hearing officers who are familiar with their own regulations, and with the seriousness that the U.S. Constitution places on state created liberty interests.

I appreciate your attention with this matter and look forward to your response.

Sincerely,

Alex Ortiz

# AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK        )

                            ) SS.:

COUNTY OF SAINT LAWRENCE    )

I, __Alex Ortiz_____ being duly sworn, deposes and says:

That on this __7th__ day of __June_____, 20 _18_, I submitted for mailing the following documents:

a) __Request For Review/New Hearing/Remedy__ _____

b) _____ _____

c) _____ _____

in a box maintained at the Riverview Correctional Facility located at 1110 Tibbits Drive, Ogdensburg, New York, 13669, to be mailed via United States Postal Service to the following concerned parties:

Anthony J. Annucci, Acting Commissioner

NYS DOCCS
1220 Washington Avenue, Bldg. 2

Albany, NY 12226

Priscilla Ledbetter, Director of TRP

NYS DOCCS
1220 Washington Avenue, Bldg. 2

Albany, NY 12226

Sworn to before me this

_7th_ day of __June__, 20 _18_

Stephen Currier
NOTARY PUBLIC

Respectfully Submitted,

SIGNATURE OF AFFIANT

Stephen Alan Currier
Notary Public, State of New York
Qualified in St. Lawrence County
No. 01CU6300538
Commission Expires 04/14/20 _22_

EXHIBIT G

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

A. Signature
X  ⟨AB⟩  ☐ Agent
            ☐ Addressee

B. Received by (Printed Name)  C. Date of Deliver

1. Article Addressed to:

Priscilla Ledbetter, Director of
Temporary Release Programs
NYS DOCCS
1220 Washington Avenue, Bldg. 2
Albany, NY 12226

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

JUN 28 2018

Mailroom

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 3222 7196 9358 94

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restri
   Delivery
☐ Return Receipt for
   Merchandise
☐ Signature Confirmatio
☒ Signature Confirmatio
   Restricted Delivery

2. Article Number (Transfer from service label)

7014 0150 0001 0350 2094

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Rec



USPS TRACKING #

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 3222 7196 9358 94

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box®

Alex Ortiz (15R0879)

Riverview Correctional Facility

P.O. Box 247

Ogdensburg, NY 13669

June 25, 2018

Alex Ortiz (15R0879)
Riverview Correctional Facility
PO Box 247
Ogdensburg, NY 13669

To: Priscilla Ledbetter, Director of Temporary Release
NYS DOCCS
1220 Washington Avenue, Bldg. 2
Albany, NY 12226

Re: Request For Review and Reconsideration
Work Release Removal Appeal

Dear Ms. Ledbetter,

Please accept this letter as a direct request seeking your review of my Work Removal Appeal, which was denied on June 21, 2017. Attached you will find a copy of that decision.

Although I admitted to violating the Temporary Release Contract, I believe the hearing I was afforded was unfair because I was not permitted to argue against being removed from the program.

At your earliest convenience, I would appreciate if you can review this matter and give my application reconsideration. Thank you.

Sincerely,

Alex Ortiz

cc: Commissioner's Office
1220 Washington Avenue, Bldg. 2
Albany, NY 12226